SHUTTS v. FLORIDA NAT. BANK OF JACKSONVILLE. (Circuit Court of Appeals, Fifth Circuit. March 5, 1912.) No. 2,256. Appeal from the Circuit Court of the United States for the Southern District of Florida. F. M. Hudson, for appellant. Francis P. Fleming, for appellee. Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The Ft. Dallas National Bank, of Miami, Fla., being insolvent and in the hands of a receiver, the Florida National Bank, of Jacksonville, presented to the receiver for payment two classes of claims, for which preference was asserted to the prejudice of the general creditors represented by the receiver. Claims of the first class: These were composed of three items, to wit, $1,527.04, $1,171.87, and $1,090.24. As to these items, they having been drawn on the First National Bank of Miami and the Bank of Bay Biscayne, were sent to the insolvent bank merely for collection and return. Claims of the second class: These were composed of the following items, all of which were drawn on the insolvent bank, to wit, $211.85, $404.32, and $608.28. In the absence of a reference of the complicated accounts to a competent master, and without a finding of the facts by the court, the decree allowed the appellee a preference in the sum of $2,698.91, and allowed it the further sum of $361.20 as a general creditor. If we properly understand the record, the decree appealed from is erroneous, although it be assumed—the view most favorable to the appellee—that the items of the first class should be regarded as preferential claims. It is clear that, in this proceeding, items of the second class should not be preferred over the

claims of general creditors, and yet the effect of the finding of the trial court was to give them such a preference. The evidence in the transcript shows that, at the time of the failure of the Ft. Dallas National Bank, the appellee had with the said bank the collection account on which preference is claimed in this suit, and an account for receivables dealing with the $15,000 collateral pledged to secure the advances made and to be made on the $10,000 demand note of the Ft. Dallas National Bank, and, besides, a deposit or checking account showing a credit in favor of the insolvent bank of $1,224.77; and the evidence shows that on July 2d or 3d, just before the failure, the Ft. Dallas National Bank forwarded by mail to the Florida National Bank two certain checks drawn in its favor by the Bay Biscayne Bank on the Florida National Bank for $1,078.48 and $1,708.33, respectively, which checks appear to have been received and collected by the Florida National Bank; but the amounts thereof do not appear to be accounted for, unless we can infer that the proceeds went into some settlement had between the Florida National Bank and the receiver closing some of above-mentioned accounts. The $1,224.77 credit on checking account and the two checks mentioned amount to $4,011.56, which is a larger sum than the appellee claims to be preferential in the present suit. Our conclusion on the whole record is that the case ought to be sent to a competent master, to state the account between the two banks and as to any resultant equities, unless the parties, in order to avoid the expense of a reference, file with the trial court such a statement of account and agreement as to additional facts as will enable the court to settle the equities between them. For the reasons indicated, we direct that the decree be reversed. and the cause remanded to the District Court to refer the case (if the parties fail to agree as above suggested) to a competent and skilled master to report fully his findings upon all the questions raised by either party separately, and with leave to both parties to amend their pleadings, if deemed advisable, and to take any additional evidence they may wish, within a time to be fixed by the court, and that the court, upon such report, shall proceed as equity may require.